UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD A. THRALL,                              CIVIL NO. 04-2708 (JMR/JSM)

    Plaintiff,

v.                                       REPORT AND RECOMMENDATION ON
                                         <u>PETITION FOR ATTORNEY'S FEES</u>

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

    JANIE S. MAYERON, U.S. Magistrate Judge

    The above matter is before the undersigned United States Magistrate Judge on plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) [Docket No. 20]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I.**     **INTRODUCTION**

    Plaintiff Richard A. Thrall ("Thrall") has brought a Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1). Thrall's counsel has filed a supporting Affidavit. Thrall seeks $5,565.00 in attorney's fees and costs. Defendant did not challenge the amount of fees and costs sought by Thrall. Rather, defendant argued that the Government's position

in the case was substantially justified and, therefore, the United States should not be required to pay any of Thrall's attorney's fees and costs.

## II.   PROCEDURAL BACKGROUND

In 2001, Thrall applied to the Social Security Administration, ("SSA"), for Social Security disability benefits.  (R. 61-63.)  Thrall's application for benefits was denied on February 11, 2002, because SSA found that he was not disabled under its rules and regulations.  (R. 35-37.)  Thrall filed a timely Request for Reconsideration, (R. 40), but the SSA's denial of benefits was re-affirmed on July 16, 2002.  (R. 41-42.)  Thrall then filed a timely request for a hearing before an Administrative Law Judge, ("ALJ").  (R. 44.)  That hearing was held on April 2, 2003, before ALJ Michael D. Quayle.  (R. 413-37.)  On July 16, 2003, the ALJ issued a decision denying Thrall's application for benefits.  (R. 17-29.)  Thrall filed a Request for Review of the ALJ's decision, (R. 12); that request was denied by the Appeals Council on March 6, 2004.  (R. 7-9.)  Thus, the ALJ's decision of July 16, 2003, constituted the SSA's final decision in this matter.  See 42 U.S.C. § 405(g).

Thrall sought review of the ALJ's decision by filing a Complaint with this Court pursuant to 42 U.S.C. § 405(g).  Thrall disagreed with the ALJ's RFC determination, arguing on appeal that the ALJ committed the following errors in determining he is not disabled: (1) the ALJ misinterpreted Dr. Holth's assessment of Thrall's capacity to stand, walk and sit during the course of an eight-hour workday; (2) the ALJ improperly evaluated Thrall's subjective complaints of pain. See Report and Recommendation, at 14-15.

A Report and Recommendation on cross-motions for summary judgment was submitted to the District Court on August 3, 2005. [Docket No. 15]. The undersigned recommended that Thrall's Motion to Reverse or Remand the Decision of the Commissioner of the Social Security Administration [Docket No. 9] be granted in part and denied in part and defendant's Motion for Summary Judgment [Docket No. 11] be denied. This Court further recommended that the case be remanded to the Commissioner for further proceedings consistent with this Report and Recommendation.

On September 14, 2005, the District Court issued an Order [Docket No. 18], adopting the Report and Recommendation, and ordered that the case be remanded to the Commissioner for further proceedings consistent with the Order and the Magistrate Judge's Report and Recommendation.

## III.    FEES UNDER THE EAJA

### A.    Standard of Review

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978) (citing Alyeska Pipeline Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). Congress has provided for limited exceptions to the general rule. Christianburg, 434 U.S. at 415. The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of

the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A). Thrall is a prevailing party because a remand under sentence four of 42 U.S.C. § 405(g), as here, terminates the litigation with victory for the Thrall. See Shalala v. Schaefer, 509 U.S. 292, 300-301 (1993).

Fees are not to be awarded under the EAJA just because the Government lost the case. See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Thrall is entitled to fees unless the Government's position was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. Id.; see also Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). Substantial justification is the existence of a reasonable basis in law and fact for the Government's position in the litigation. See Welter, 941 F.2d at 676 (citing Pierce v. Underwood, 487 U.S. at 565-66 (1988)). "The EAJA creates a presumption that fees will be awarded to prevailing parties. . . . However, Congress did not intend fee shifting to be mandatory." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995) (citations omitted).

**B.     Analysis**

The Commission maintained that its position was substantially justified because the result in this case turned on the ALJ's reasonable interpretation of a form filled out by Dr. Holth. In this regard, the Commissioner asserted that Dr. Holth's statement regarding Thrall's ability to stand and walk was ambiguous

(i.e., the standard form filled out by Dr. Holth indicated that Thrall could stand and walk occasionally—defined as 1-33% of the time or for less than 2.5 hours each work day—and the ALJ interpreted the form to mean that Thrall could perform each activity to the maximum contemplated), which may justify a remand, but does not demonstrate a lack of substantial justification. The Commission further argued that the ALJ's residual functional capacity finding—that Thrall could occasionally stand, walk and/or sit each for one third of an eight-hour day—was reasonable based on the evidence.

This Court finds that the Commissioner did not reasonably rely on the ALJ's RFC determination because there was no medical evidence to support the walk and stand component of the ALJ's RFC determination. Lacking a reasonable basis in fact to support her position before this Court, it was not substantially justified and Thrall is entitled to an award of attorneys' fees and costs.

"'When determining a claimant's RFC, the ALJ's determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace.'" Brown v. Barnhart, 390 F.3d 535, 539 (8th Cir. 2004), quoting Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003) (emphasis added). More simply, "'[s]ome medical evidence' must support the [ALJ's] determination of the claimant's RFC." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004), quoting Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). See also Fredrickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004) ("[a]n ALJ's determination of a claimant's RFC must find support in the medical evidence").

In this case, the Court concluded that there was no medical evidence supporting the walk-and-stand component of the ALJ's RFC determination. Report and Recommendation, at 17. In this regard, the Court found that the checkmarks on the form filled out by Dr. Holth did not indicate where Thrall's capacity to stand and walk actually fell within the specified ranges, and that Dr. Holth's checkmarks on the form needed to be analyzed in conjunction with (1) his entire November 1, 2002 report (which indicated Thrall was prevented from working in any occupation on a full-time bases because he "cannot sit or stand"), and (2) his August 31, 2002 report (which indicated that Thrall could only stand and walk for a total of one hour during the course of an eight-hour work day). Report and Recommendation at 15-16. The Court further found that the consulting expert reports, prepared before and without the benefit of Dr. Holth's August and November 2002 reports, did not support the ALJ's determination of Thrall's ability to stand and walk. Id. at 16-17.

In summary, the Court finds that the ALJ's interpretation of the form was not reasonable in light of the fact that the ALJ ignored Dr. Holth's reports when making his decision and that the ALJ lacked medical evidence to support his conclusions. Therefore, the Court finds that the Commissioner's position was not substantially justified. Thrall, as the prevailing party, is entitled to an award of attorney's fees and costs under the EAJA.

### C.  Reasonableness of Attorney's Fees

Thrall, through the affidavit of his counsel, as well as his memorandum and exhibits, requested fees and costs for himself and attorneys Ronald B. Eskin

and D. Graham C. Clark, Jr., in the amount of $5,565.00, calculated at the rate of $140.00 per hour for 39.75 hours.[1]  The Commissioner has made no claims or

---

[1]  A summary of attorney hours expended on the Thrall case was attached as Exhibit A to the Affidavit of Ronald B. Eskin and is summarized below.

**Services of Ronald B. Eskin**

| DATE | SERVICES RENDERED | TIME |
|---|---|---|
| April 16, 2004 | Reviewed decision and exhibits | 1.75 |
| April 23, 2007 | Legal research—case law, local rules | 1.5 |
| May 3, 2004 | Teleconferences with Attorney Clark (2) | .5 |
| May 6, 2004 | Drafted Complaint | 1.75 |
| May 12, 2004 | Letters to Court, Attorney Clark prepared, Complaint revised, Pro Hac Vice prepared | 1.5 |
| May 12, 2004 | Letter to client | .25 |
| June 25, 2004 | Reviewed return of service, set up diary | .25 |
| July 9, 2004 | Reviewed return of service, adjusted diary | .25 |
| September 1, 2004 | Read record and answer, outlined transcript | 2.25 |
| September 4, 2004 | Wrote fact section, revised introduction | 6.5 |
| September 6, 2004 | Researched and wrote Point A of Legal Argument | 3.25 |
| September 8, 2004 | Researched and wrote Points B and C of Legal Argument | 3.00 |
| September 10, 2004 | Edit | 1.25 |
| October 10, 2004 | Read Defendant's Brief, researched issues, Outlined | 2.25 |
| October 12, 2004 | Reply to Defendant's Brief, researched and written | 2.75 |

| Date | Service | Hours |
|---|---|---|
| October 13, 2004 | Edited reply | 05 |
| August 4, 2004 | Reviewed Report and Recommendation of Magistrate Judge, letter to client | .75 |
| August 21, 2004 | Researched and wrote reply to Defendant's objection | 3.00 |
| August 22, 2004 | Edited reply to Defendant's objection | .5 |
| September 15, 2004 | Read decision of the Court, letter to client | <u>.5</u> |

Total Hours: 34.25

34.25 X $140.00/hr            **$4,795**

**Services of Attorney Clark**

| DATE | SERVICES RENDERED | TIME |
|---|---|---|
| May 3, 2004 | Telephone conference with Ronald Eskin, regarding case assignment | .5 |
| June 22, 2004 | Review, Revise papers, regarding case from Eskin | 1.25 |
| June 23, 2004 | File papers with USDC, Return Summons to Eskin | 1.00 |
| July 14, 2004 | File Return of Summons with USDC, Letter to Eskin | <u>1.00</u> |

Total Hours: 3.75

3.75 X $140.00/hr            **$525.00**

**Services of Attorney Eskin**

Attorney Eskin also requested that he be awarded 2 additional hours for the preparation of this motion for attorney fees.

Total for Attorney Eskin         36.25 X $140.00/hr*            **$5,075.00**

arguments that the hours or billable rate claimed by Thrall's counsel were inappropriate or that the services rendered or costs incurred were unreasonable in relation to the prosecution of Thrall's claims.

Based upon review of counsel's affidavit and the briefs on this issue and exhibits, the Court finds that the services rendered, hours spent, hourly rate charged, and costs incurred were reasonable and recommends that Thrall be awarded attorney's fees and costs in the amount of $5,565.00.

### RECOMMENDATION

For the reasons set forth above, it is hereby recommended that:

1.  Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1) [Docket No. 20] be GRANTED; and

2.  Plaintiff be awarded attorney's fees and costs in the amount of $5,565.00.

Dated:      June 14, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **July 3, 2006** a copy of this Report, written objections which

---

| | | |
|---|---|---|
| Total from Attorney Clark | 3.50 X $140.00/hr** | **$490.00** |
| **TOTAL FEES AND COSTS:** | | **$5,565.00** |

*Includes the two requested hours for preparing this motion for attorney fees.

**Attorney Eskin has removed .5 hours from attorney Clark's billable hours in the final calculation total amount of attorney fees due to duplication.

specifically identify the portions of the Report to which objections are made and the bases for each objection.